UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM E KRETSCHMAR,

    Plaintiff,

v.                       Case No:  2:21-cv-86-JES-LLL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Laura Lothman Lambert's Report and Recommendation (Doc. #35), filed on July 1, 2022, recommending that the Decision of the Commissioner be reversed and remanded with instructions to the Commissioner. No objections have been filed, and the time to do so has expired.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004) (citing Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997)). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing Crawford, 363 F.3d at 1158-59). Even if the evidence

preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59 (citing Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990)). The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211 (citing Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983)); Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1260 (11th Cir. 2007) (citing Martin, 894 F.2d at 1529). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Kretschmar argues on appeal that the Administrative Law Judge's (ALJ) finding that he could perform past relevant work as a security guard was not supported by substantial evidence because he did not earn enough money for it to constitute substantial gainful activity and therefore it could not be past relevant work. (Doc. #35, p. 5.) The Magistrate Judge agreed that the conclusion

was not supported by substantial evidence. The ALJ did not explain how he considered the evidence or used it to conclude that the security job was substantial gainful activity (SGA), and there was conflicting evidence in the record. (Id., p. 7.) Both parties agree that the monthly threshold to constitute SGA was $830 per month for 2005 and $860 per month for 2006. The Magistrate Judge found Kretschmar's earnings in 2005 as a security guard were only $506.91 and therefore below the threshold. In 2006, Kretschmar earned $6,350.45, which was the focus of the Commissioner. (Id.) However, the Magistrate Judge noted that this would amount to $529.20 per month if Kretschmar worked throughout the whole year. The Commissioner argues that Kretschmar worked an additional job in 2006, but the Magistrate Judge found nothing definitive in the record that supported finding that Kretschmar did not work the entire year. (Id., p. 8.) The Magistrate Judge noted conflicting reports were in evidence as to the number of hours worked and the hourly rate, and the hearing transcript did not contain any testimony regarding earnings or specific dates of employment. The Magistrate Judge concluded "[w]ithout knowing how the ALJ analyzed the issue and weighed the conflicting evidence, it is not possible to determine whether substantial evidence supports the ALJ's conclusion that the security guard job rose to the level of SGA." (Id., p. 9.) The Magistrate Judge found it was not harmless error and the Court agrees.

After an independent review, the Court agrees with the findings and recommendations in the Report and Recommendation.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. #35) is **accepted and adopted** by the Court.

2. The Decision of the Commissioner of Social Security is **reversed**, and the matter is **remanded** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can re-evaluate the evidence regarding Kretschmar's past work and earnings as a security guard and to determine whether it constitutes substantial gainful activity, and if so, past relevant work.

3. The Clerk of the Court shall enter judgment in favor of Kretschmar and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __21st__ day of July 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Laura Lothman Lambert
U.S. Magistrate Judge

Counsel of Record